## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:23-cv-332 |
| DJR, INC. D/B/A ENCORE MECHANICAL; and DALE J. REEVES, | § § § | |
| Defendants. | § § § | |

### GREAT AMERICAN INSURANCE COMPANY'S ORIGINAL COMPLAINT

Plaintiff Great American Insurance Company files this Complaint against Defendants DJR, Inc. d/b/a Encore Mechanical, and Dale J. Reeves (collectively "Indemnitors"):

### I.
### PARTIES

1.     Great American Insurance Company ("Great American") is an Ohio corporation with its principal place of business in Cincinnati, Ohio, and is authorized to conduct business in Texas.

2.     DJR, Inc. d/b/a Encore Mechanical ("Encore") is a Texas corporation with its principal place of business in Austin, Texas. Upon information and belief, Encore's governing officers/directors, Dale J. Reeves and Tammi Danielson, both reside in and are citizens of the State of Texas. Encore may be served with process by serving its registered agent Dale J. Reeves, at 10613 Sprinkle Cut off Rd., Austin TX 78754, or wherever he may be found.

3.     Dale J. Reeves is an individual resident and citizen of the State of Texas, who may be served with process at 10613 Sprinkle Cut off Rd., Austin TX 78754, or wherever he may be found.

## II.
## JURISDICTION

4.      This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1332 in that this is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs.

## III.
## VENUE

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as one or more of the Indemnitors are residents of the State of Texas and reside in this judicial district and a substantial part of the events giving rise to the claims occurred in this judicial district.

## IV.
## FACTUAL BACKGROUND

6.      On February 1, 2020, Encore and Dale J. Reeves executed an Agreement of Indemnity in favor of Great American ("Indemnity Agreement"). A true and correct copy of the Indemnity Agreement is attached hereto as Exhibit 1. The Indemnity Agreement was executed and delivered to Great American as consideration for Great American issuing certain surety bonds on behalf of Encore.

7.      In reliance on the Indemnity Agreement and at the request of Indemnitors, Great American issued certain bonds on behalf of Encore. Among other bonds, the Surety issued payment and performance bonds (the "Bonds"), true and correct copies of which are attached as Exhibit 2, at the request of Indemnitors in connection with the following construction projects (collectively, the "Projects"):

a.      Bond No.:      384 46 13
        Penal Amt.:    $1,759,069.00
        Obligee:       Journeyman Construction, LLC
        Project:       High Point Reserve

b. Bond No.: 384 46 14
  Penal Amt.: $1,355,000.00
  Obligee: Journeyman Construction, LLC
  Project: Bridge at Turtle Creek Apartments

c. Bond No.: 384 64 02
  Penal Amt.: $1,200,000.00
  Obligee: Journeyman Construction, LLC
  Project: Water Oak Apartments

d. Bond No.: 384 46 07
  Penal Amt.: $856,847.00
  Obligee: Journeyman Construction, LLC
  Project: Heritage Estates at Owen Tech

e. Bond No.: 384 64 18
  Penal Amt.: $836,095.00
  Obligee: Turner Construction Company
  Project: Heritage Senior Residence

f. Bond No.: 384 64 38
  Penal Amt.: $839,000.00
  Obligee: Journeyman Construction, LLC
  Project: Springdale Manor Apartments

g. Bond No.: 384 64 39
  Penal Amt.: $1,329,669.00
  Obligee: Journeyman Construction, LLC
  Project: Paloma Apartments

h. Bond No.: 384 64 40
  Penal Amt.: $789,000.00
  Obligee: Vecino Construction, LLC
  Project: Espero Austin- Rutland, Project No. 20-140

i. Bond No.: 384 64 41
  Penal Amt.: $1,305,994.00
  Obligee: Lott Brothers Construction Company, Ltd.
  Project: Springs at Stadium Village

|     |     |     |
| --- | --- | --- |
| j.  | Bond No.: | 384 64 43 |
|     | Penal Amt.: Obligee: | $1,325,000.00 |
|     | Project: | Journeyman Construction, LLC |
|     |     | Three Hills Apartments |

8.      In and around March 2023, Encore ceased work on the Projects. As a result, Great American has received multiple claims from obligees on the Projects. Copies of the default notices from the obligees are attached hereto as Exhibit 3. Great American has also received multiple payment bond claims as a result of Encore's failure to pay its subcontractors and material suppliers. As a result of such claims, Great American has incurred or will incur losses, costs, and/or expenses (including, but not limited to, interest, court costs, consultant or expert fees, and counsel fees) which are expected to be as much as, if not more than, $1,000,000.00.

9.      Pursuant to the Indemnity Agreement, the Indemnitors agreed to indemnify, exonerate and hold Great American harmless, as follows:

### INDEMNITY/EXONERATION

SECOND: The Undersigned, jointly and severally, shall exonerate, indemnify, hold harmless and keep the Surety indemnified from and against any and all liability for losses, costs, and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs, consultant or expert fees, and counsel fees) and from and against any and all such losses and/or expenses which the Surety may sustain and incur: (I) By reason of being requested to execute or procure, or having executed or procured the execution of Bonds on behalf of any of the Undersigned, (2) By reason of the failure of the Undersigned to perform or comply with any of the covenants and conditions of this Agreement or (3) In enforcing any of the terms, covenants or conditions of this Agreement. Payment by reason of the aforesaid causes shall be made to the Surety by the Undersigned, upon demand by the Surety, as soon as liability exists or is asserted against the Surety, whether or not the Surety shall have made any payment therefor. The amount of such payment to the Surety by the Undersigned shall be determined by the Surety and the Surety's demand for payment hereunder may, at the Surety's option, be in addition to and not in lieu of or substitution for any other collateral that may have been previously deposited with Surety by or on behalf of the Undersigned. The Surety shall have the right to use the payment, or any part thereof, in payment or settlement of any liability, loss or expense for which the Undersigned would be obligated to indemnify the Surety under the terms of this Agreement. The Surety shall have no obligation to invest or to provide a return on the payment or any other collateral deposited with the Surety. The Undersigned

shall be entitled to the refund of any unused portion of the payment upon termination of the liability of the Surety on all Bonds and the performance by the Undersigned of all obligations to the Surety under the terms of this Agreement. The Surety's demand shall be sufficient if sent by registered or certified mail, by facsimile transmission, or by personal service to the Undersigned at the addresses stated herein, or at the addresses of the Undersigned last known to the Surety, regardless of whether such demand is actually received.

The Undersigned acknowledge that the failure of the Undersigned to deposit with the Surety, immediately upon demand, the sum demanded by the Surety as payment shall cause irreparable harm to the Surety for which the Surety has no adequate remedy at law. The Undersigned agree that the Surety shall be entitled to injunctive relief for specific performance of any or all of the obligations of the Undersigned under this Agreement including the obligation to pay to the Surety the sum demanded and hereby waive any claims or defenses to the contrary. In the event of any payment of any kind by the Surety, the Undersigned further agree that in any accounting between the Surety and the Undersigned, the Surety shall be entitled to charge for any and all disbursements made by the Surety in good faith in and about the matters herein contemplated by this Agreement under the belief that the Surety is or was liable for the sums and amounts so disbursed, or that it was necessary or expedient for the Surety to make such disbursements, whether or not such liability, necessity or expediency existed; and that the vouchers, invoices, an affidavit or other evidence of any such payments made by the Surety shall be prima facie evidence of the fact and amount of the Undersigned's liability to the Surety.

*See* Exhibit 1, ¶ 2.

10.    On March 13, 2023, Great American demanded that Indemnitors honor their obligations under the Indemnity Agreement, including a demand that they make payment in the amount of $1,000,000.00, pursuant to paragraph 2 of the Indemnity Agreement, which was the amount Great American deemed sufficient at that time to protect it from loss under the Bonds, without prejudice to its rights to subsequently demand a further deposit of funds. Despite such demand, Indemnitors have failed and refused to indemnify Great American and hold it harmless from any losses, costs, and/or expenses and to make payment as demanded. A true and correct copy of the March 13, 2023 demand is attached as Exhibit 3.

11.    Further, in the March 13, 2023 demand, Great American demanded complete access to examine and copy Indemnitor's books and records pursuant to paragraph 10 of the

Indemnity Agreement, which provides:

BOOKS AND RECORDS

> TENTH: At any time, and until such time as the liability of the Surety under any and all Bonds is terminated, the Surety shall have the right to examine and copy the books, records, and accounts of the Undersigned; and any bank depository, materialman, supply house, or other person, firm or corporation, when requested by the Surety, is hereby authorized and directed by the Undersigned to furnish the Surety with any information requested including, but not limited to, the status of the work under contracts being performed by the Undersigned, the condition of the performance of such contracts and payments of accounts. The Undersigned agree to provide any additional releases, requests, waivers or any other documents required in order to allow the Surety access to the requested information.

*See* Exhibit 1, ¶ 10. Despite such demand, Indemnitors have failed and refused to provide Great American with access to examine and copy the books and records of Indemnitors.

12.    As a result of the Indemnitors' failure and refusal, and continuing failure and refusal, to honor their obligations under the Indemnity Agreement to indemnify and exonerate Great American, pay funds in an amount deemed sufficient to protect Great American from the loss under the Bonds, and to provide access to books and records, Great American has been compelled to bring this lawsuit against the Indemnitors seeking the following relief.

**V.**
**CAUSES OF ACTION**

**COUNT ONE**
**BREACH OF CONTRACT**

13.    Great American incorporates and realleges the factual allegations in the foregoing paragraphs as if set forth herein.

14.    Pursuant to Paragraph 2 of the Indemnity Agreement, Indemnitors agreed to, among other things, indemnify and hold harmless Great American from and against losses, costs, and/or expenses on the Bonds issued for the Projects. Indemnitors also agreed to make payment in an amount which was the amount Great American deemed sufficient to protect it

from loss under the Bonds. Further, pursuant to Paragraph 10 of the Indemnity Agreement, Indemnitors agreed to provide Great American access to Indemnitors' books and records. Despite demand, Indemnitors have failed and refused to honor their obligations under the Indemnity Agreement. As such, Indemnitors have breached the Indemnity Agreement.

15.    Accordingly, Great American is entitled to judgment against Indemnitors for their breach of contract requiring Indemnitors to indemnify Great American's losses, costs, and/or expenses (including, but not limited to, interest, court costs, consultant or expert fees, and counsel fees) that Great American has incurred as a result of issuing the Bonds to Indemnitors and enforcing its rights of indemnification; for specific performance from Indemnitors paying funds in the amount of $1,000,000.00 as demanded to protect Great American from loss and liability; and for specific performance from Indemnitors to provide Great American access to copy and examine the books and records.

## COUNT TWO
### ATTORNEYS' FEES

16.    Great American incorporates and realleges the factual allegations in the foregoing paragraphs as if set forth herein.

17.    Indemnitors have failed to honor their obligations under the Indemnity Agreement and exonerate and indemnify Great American. As a result of this failure, Great American has been compelled to engage the law firm of Clark Hill to bring this action against Indemnitors for the enforcement of the Indemnity Agreement. Pursuant to the terms of the Indemnity Agreement, Great American is entitled to recover from Indemnitors, in addition to the amount of its damages suffered as a result of Indemnitors' breach of contract and sought in this Complaint, attorneys' fees incurred not only in the prosecution of this suit but also in the investigation and response to the claims asserted against the Bonds issued by Great American

for the Projects.

18.     In addition to its right to attorneys' fees under the Indemnity Agreement, Great American is entitled to reasonable attorneys' fees in addition to the amount of its damages suffered as a result of Indemnitors breach of the Indemnity Agreement pursuant to § 38.001 of the Texas Civil Practices & Remedies Code.

## COUNT THREE
### COSTS AND INTEREST

19.     Great American incorporates and realleges the factual allegations in the foregoing paragraphs as if set forth herein.

20.     Additionally, Great American is entitled to recover from Indemnitors, jointly and severally, all court costs plus pre-judgment and post-judgment interest at the maximum legal rate allowed by law.

## VI.
## CONDITIONS PRECEDENT

21.     All conditions precedent to Great American's entitlement to assert the above claims and causes of action have occurred or have been satisfied, waived, or excused.

WHEREFORE, Plaintiff Great American Indemnity Company requests that Defendants DJR, Inc. d/b/a Encore Mechanical, and Dale J. Reeves be cited to appear and answer and that upon final hearing or trial that the Court enter judgment against the Indemnitors, jointly and severally, and in favor of Great American for all losses, costs, and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs, consultant or expert fees, and counsel fees) incurred by Great American through the time of trial; enter judgment that Great American recover its costs, pre- and post-judgment interest at the maximum amount allowed by law; award specific performance requiring Indemnitors paying funds in the amount of

$1,000,000.00 as demanded to protect Great American from loss and liability; award specific performance requiring Indemnitors to provide Great American access to copy and examine the books and records; and award Great American such other and further relief at law or in equity to which Great American is justly entitled.

Respectfully submitted,

_/s/ Christopher W. Ward_
CHRISTOPHER R. WARD
Texas State Bar No. 24008233
**CLARK HILL, PLC**
2600 Dallas Parkway, Ste. 600
Frisco, Texas 75034
Telephone: (214) 651-4722
Facsimile:  (214) 659-4108
Email: cward@clarkhill.com

ATTORNEY FOR AMERICAN INDEMNITY
CONTRACTORS COMPANY