IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, § § § § Plaintiff, § v. § Civil Action No. 1:23-cv-00332-LY § DJR, INC. D/B/A ENCORE MECHANICAL; § and DALE J. REEVES, § § Defendants. § | |

## GREAT AMERICAN INSURANCE COMPANY'S
## MOTION FOR DEFAULT JUDGMENT

Pursuant to Federal Rule of Civil Procedure 55, Plaintiff Great American Insurance Company ("Great American") files this Motion for Default Judgment (the "Motion") against Defendants DJR, Inc. d/b/a Encore Mechanical ("Encore") and Dale J. Reeves ("Reeves") (collectively, the "Indemnitors") as follows:

## I.
## INTRODUCTION

Great American's Original Complaint (the "Complaint") was filed on March 27, 2023 seeking indemnification and specific performance from the Indemnitors pursuant to an Agreement of Indemnity (the "Indemnity Agreement") entered by the Indemnitors in favor of Great American as consideration for the issuance of certain surety bonds on behalf of Encore.[1] The Indemnitors were served with true and correct copies of the Summons and Great American's Complaint on April 4, 2023, making the Indemnitors' responsive pleading due on or before April 25, 2023.[2]

---

[1] *See generally* Complaint, [Doc. 1]; Complaint [Doc. 1], Exhibit 1, Indemnity Agreement; Motion for Preliminary Injunction [Doc. 4], p. 3 & Exhibit A, Declaration of Edward Dudley ("Dudley Declaration").

[2] *See* Summonses Returned Executed [Docs. 5 and 6].

Despite being served with process, the Indemnitors have failed to answer or otherwise respond to Great American's Complaint and have not entered an appearance. As such, Great American requests that the Court enter default judgment against the Indemnitors, jointly and severally.

## II.
## JURISDICTION

This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1332.

## III.
## FACTUAL BACKGROUND

On February 1, 2020, the Indemnitors executed the Indemnity Agreement in favor of Great American.[3] The Indemnity Agreement was executed and delivered to Great American as consideration for Great American issuing certain surety bonds on behalf of the Encore.[4] Under the Indemnity Agreement, the Indemnitors agreed to exonerate, indemnify, hold harmless, and keep Great American indemnified from and against any and all liability for losses, costs, and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs, consultant or expert fees, and counsel fees).[5] In reliance on the Indemnity Agreement and at the request of the Indemnitors, Great American issued certain bonds on behalf of Encore, including payment and performance bonds (the "Bonds") for multiple separate construction projects (the "Projects").[6]

---

[3] *See* Complaint [Doc. 1], ¶ 6; Complaint [Doc. 1], Exhibit 1, Indemnity Agreement; Motion for Preliminary Injunction [Doc. 4], p. 3 & Exhibit A, Dudley Declaration.
[4] *See* Complaint [Doc. 1], ¶ 6; Complaint [Doc. 1], Exhibit 1, Indemnity Agreement; Motion for Preliminary Injunction [Doc. 4], p. 3 & Exhibit A, Dudley Declaration.
[5] *See* Complaint [Doc. 1], ¶ 9; Complaint [Doc. 1], Exhibit 1, Indemnity Agreement, p. 1.
[6] *See* Complaint [Doc. 1], ¶ 7; Motion for Preliminary Injunction [Doc. 4], p. 3 & Exhibit A, Dudley Declaration.

Subsequently, in and around March 2023, Encore ceased work on several of the Projects, and as a result, Great American has received multiple claims from obligees on the Projects.[7] Great American has also received multiple payment bond claims as a result of Encore's failure to pay its subcontractors and material suppliers.[8] As a result of such claims, Great American has incurred or will incur losses, costs, and expenses (including, but not limited to, interest, court costs, consultant or expert fees, and counsel fees).[9]

On March 13, 2023, Great American demanded that the Indemnitors honor their obligations under the Indemnity Agreement, including a demand that they make payment in the amount of $1,000,000.00, pursuant to Paragraph SECOND of the Indemnity Agreement, which was the amount Great American deemed sufficient at that time to protect it from loss under the Bonds, without prejudice to its rights to subsequently demand further deposit of funds.[10] Further, in the March 13, 2023, demand, Great American demanded complete access to examine and copy the Indemnitors' books and records pursuant to Paragraph TENTH of the Indemnity Agreement in light of learning certain funds were received by Encore in connection with the Projects that were not properly utilized to pay for bonded obligations, giving rise to significant concerns regarding wrongful dissipation of assets.[11] Despite such demand, the Indemnitors have failed and refused to

---

[7] *See* Complaint [Doc. 1], ¶ 8; Motion for Preliminary Injunction [Doc. 4], p. 4 & Exhibit A, Dudley Declaration.
[8] *See* Complaint [Doc. 1], ¶ 8; Motion for Preliminary Injunction [Doc. 4], p. 4 & Exhibit A, Dudley Declaration.
[9] *See* Complaint [Doc. 1], ¶ 8; Motion for Preliminary Injunction [Doc. 4], p. 4 & Exhibit A, Dudley Declaration.
[10] *See* Complaint [Doc. 1], ¶ 10; Motion for Preliminary Injunction [Doc. 4], p. 6 & Exhibit A, Dudley Declaration.
[11] Complaint [Doc. 1], ¶ 11; Motion for Preliminary Injunction [Doc. 4], p. 4 & Exhibit A, Dudley Declaration.

indemnify Great American and hold it harmless from any losses, costs, and expenses, to make payment as demanded, and to provide access to their books and records.[12]

As a result of such claims, and the Indemnitors' failure to satisfy their indemnity obligations, Great American has incurred, and continues to incur, losses, costs, and expenses, including, but not limited to, attorneys' fees and consulting fees.[13]

## IV.
## ARGUMENT

The Indemnitors were properly served with Summonses and Great American's Complaint on April 4, 2023, by private process. The Summonses Returned Executed, attached as **Exhibit 1**, have been filed with the Court.[14] The deadline for the Indemnitors to file their answers or otherwise respond to the Complaint was April 25, 2023, however, the Indemnitors have not entered an appearance, filed an answer, or otherwise responded to Great American's Complaint and are in default. Accordingly, on May 10, 2023, the Clerk entered Default against the Indemnitors.[15]

Encore is a corporation and not an individual. Therefore, it is not a minor, incompetent person, or member of the military service of the United States of America.[16] Moreover, Encore's registered agent, Reeves, was not a member of any branch of the armed services or reserves when this suit was filed, has not been in military service at any time since then, and is not now in any military service of the United States of America.[17]

---

[12] Complaint [Doc. 1], ¶¶ 10-11; Motion for Preliminary Injunction [Doc. 4], pp. 6-7 & Exhibit A, Dudley Declaration.
[13] *See* Complaint [Doc. 1], ¶¶ 8 & 15; Motion for Preliminary Injunction [Doc. 4], p. 4 & Exhibit A, Dudley Declaration.
[14] *See* Exhibit 1, Summonses Returned Executed [Docs. 5 & 6].
[15] *See* Clerk's Entry of Default [Doc. 14].
[16] *See* Affidavit of Emory G. Allen ("Allen Affidavit") attached hereto as **Exhibit 2**, ¶ 3.
[17] *Id.*

The relief sought by way of Great American's Complaint relates to the enforcement of Great American's rights under the Indemnity Agreement and the Indemnitors' liability for losses, costs, and expenses, including, but not limited to, interest, court costs, consultant and counsel fees, that Great American has incurred, and may continue to incur, as a result of issuing the Bonds to Indemnitors. The amount of damages as to the Indemnitors is not yet fully liquidated at this time. Claims against the Bonds are continuing to be asserted, and accordingly, Great American's losses, costs, and expenses continue to increase as a result of the Indemnitors' failure to perform pursuant to the terms of the Indemnity Agreement. The Court, however, may enter default judgment now solely based on liability with the amount of damages to be determined after the entry of default judgment.[18] As such, Great American requests the Court enter default judgment against the Indemnitors, jointly and severally, with respect to liability at this time and withhold from entering a final judgment amount against the Indemnitors pending Great American's supplementation with a final damage figure. Great American further requests the Court enter default judgment as to its requests for specific performance under the Indemnity Agreement and enter a decree requiring the Indemnitors to pay collateral security in the amount of $1,000,000.00 pursuant to Paragraph

---

[18] *See* Fed. R. Civ. P. 55(b); *See, e.g., In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1262 (7th Cir. 1980) (holding that while the plaintiff secured a valid default judgment as to the defaulters' liability; a damages hearing may not be held until the liability of each defendant has been resolved); *Tristrata Tech., Inc. v. Med. Skin Therapy Research, Inc.*, 77 Fed. R. Serv. 3d 164, 164-65 (D. Del. 2010) (entering default judgment in favor of plaintiff and reserving its decision on damages); *Knox v. Palestine Liberation Org.*, 230 F.R.D. 383, 384-85 (S.D. N.Y. 2005) (entering default judgment and holding that a hearing to determine the amount of damages would be conducted within ninety days of the date of the order granting default judgment); *Cocklereece v. Moran*, 500 F. Supp. 487, 490-91 (N.D. Ga. 1980) (holding that the entry of default is the equivalent of a default judgment as to liability; granting Plaintiff's request that default judgment as to damages be held in abeyance until the conclusion of the pending action); *Wilbur v. Arkuszewski*, 52 F.R.D. 291, 292 (E.D. Tenn. 1970) (entering default judgment and holding that a hearing to determine the amount of damages would be conducted coincident with the trial).

SECOND and provide Great American access to copy and examine the Indemnitors' books and records pursuant to Paragraph TENTH of the Indemnity Agreement.[19]

A proposed Order is provided simultaneously with this Motion.

WHEREFORE, Plaintiff Great American Insurance Company respectfully requests that its allegations in its Original Complaint be deemed admitted as to Defendants DJR, Inc. d/b/a Encore Mechanical and Dale J. Reeves; that the Court enter a default judgment against the Indemnitors, jointly and severally, and in favor of Great American for as to liability with the amount of losses, costs, expenses, and pre-judgment and post-judgment interest to be determined upon final judgment; that the Court enter a default judgment against the Indemnitors, jointly and severally, and in favor of Great American for specific performance of payment of $1,000,000.00 to Great American as collateral security and providing Great American access to copy and examine the books and records of the Indemnitors, and that Great American be awarded such other relief at law and in equity to which it is justly entitled.

---

[19] *See, e.g., Ullico Cas. Co. v. Abba Shipping Lines, Inc.,* 891 F. Supp. 2d 4, 8 (D.D.C. 2012); *Guarantee Co. of N. Am. USA v. MIK, LLC*, NO. 1:18-cv-60825-UU, 2018 WL 4208241, *2-3 (S.D. Fla. June 26, 2018).

Respectfully submitted,

*/s/ Emory G. Allen*
CHRISTOPHER R. WARD
Texas State Bar No. 24008233
cward@clarkhill.com
EMORY G. ALLEN
Texas State Bar No. 24105430
eallen@clarkhill.com
**CLARK HILL, PLC**
2600 Dallas Parkway, Ste. 600
Frisco, Texas 75034
Telephone: (214) 651-4722
Facsimile:  (214) 659-4108

**ATTORNEYS FOR PLAINTIFF
GREAT AMERICAN INSURANCE COMPANY**