IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:23-cv-00332-RP |
| DJR, INC. D/B/A ENCORE MECHANICAL and DALE J. REEVES, | § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Plaintiff Great American Insurance Company's ("Great American") motion for default judgment against Defendants DJR, Inc. d/b/a Encore Mechanical and Dale J. Reeves (together, "Defendants"), (Dkt. 16). Defendants have not filed a response. Having considered Plaintiff's motion, the record, and the relevant law, the Court finds that the motion should be granted.

## I. BACKGROUND

This action arises out of Defendants' alleged breach of an indemnification agreement. Defendant DJR, Inc. d/b/a Encore Mechanical ("Encore") is a construction company, and Defendant Dale J. Reeves is its principal officer. (Compl., Dkt. 1, at 1). On February 1, 2020, Defendants executed an "Agreement of Indemnity" in favor of Great American as consideration for the issuance of certain surety bonds guaranteeing Encore's performance of contractual obligations on several construction projects. (*Id.* at 2-4). The Indemnity Agreement specified that, upon demand, Defendants would collateralize Great American to protect it against liability on the bonds:

> [Defendants], jointly and severally, shall exonerate, indemnify, hold harmless and keep [Great American] indemnified from and against any and all liability for losses, costs, and/or expenses of whatsoever

> kind or nature (including, but not limited to, interest, court costs, consultant or expert fees, and counsel fees) and from and against any and all such losses and/or expenses which [Great American] may sustain and incur: (1) By reason of being requested to execute or procure, or having executed or procured the execution of Bonds on behalf of any of the [Defendants], (2) By reason of the failure of the [Defendants] to perform or comply with any of the covenants and conditions of this Agreement or (3) In enforcing any of the terms, covenants or conditions of this Agreement. Payment by reason of the aforesaid causes shall be made to [Great American] by the [Defendants], upon demand by [Great American], as soon as liability exists or is asserted against [Great American], whether or not [Great American] shall have made any payment therefor.

(Indemnity Agreement, Dkt. 1-2, at 1-2). The Agreement also provides that "[a]t any time . . . [Great American] shall have the right to examine and copy [Defendants'] books, records, and accounts." (*Id.* at 3).

In March 2023, Encore ceased work on the construction projects. (Compl., Dkt. 1, at 4). Thereafter, Great American began receiving claims from Encore's obligees on the projects, including multiple payment bond claims because of Encore's failure to pay its subcontractors and material suppliers. (*Id.*). On March 13, 2023, Great American sent Defendants notice of the bond claims and demanded performance of certain obligations under the Indemnity Agreement. First, it demanded immediate collateral payment in the amount of $1,000,000.00, which was the amount Great American deemed sufficient at that time to protect it from losses under the surety bonds. (*Id.*). Second, it demanded access to examine Defendants' books and records. (*Id.*). Defendants failed to make any payment to Great American and did not provide access to their books and records. (*Id.*).

On March 27, 2023, Great American filed this suit asserting a claim for Defendants' breach of the Indemnity Agreement. (*Id.* at 6-7). In its complaint, Great American requests (1) specific performance of the Agreement, (2) indemnification for costs and expenses incurred in executing the Bonds, (3) reasonable attorney's fees and (4) prejudgment and post-judgment interests and court costs. (*Id.* at 8).

Defendants were served with summons on April 4, 2023, making Defendants' responsive pleading due on or before April 25, 2023. (Dkts. 5, 6). To date, Defendants have not responded to the complaint or otherwise appeared in this case.[1] The Clerk of the Court entered default against Defendants on May 15, 2023. (Dkt. 15). On June 1, 2023, Great American filed the instant motion seeking entry of a default judgment against Defendants. (Mot., Dkt. 16). Defendants were served with the motion on June 20, 2023 (Cert. of Service, Dkt. 19) but have not filed a response.

## II. LEGAL STANDARD AND DISCUSSION

Under Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant that has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(a)–(b). That said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment simply because the defendant is in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, a default judgment is generally committed to the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

In considering Great American's motion, the Court must determine: (1) whether default judgment is procedurally warranted, (2) whether Great American's complaint sets forth facts sufficient to establish that it is entitled to relief, and (3) what form of relief, if any, should be awarded. *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008); *see also J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015) (using the same framework).

---

[1] On March 30, 2023, Plaintiff filed a motion for preliminary injunction, seeking an order compelling Defendants to post $1,000,000.00 in cash collateral, to provide Plaintiff access to Defendants' books and records, and to refrain from disposing any assets without Plaintiffs' consent. Defendants did not respond to Plaintiff's motion for preliminary injunction.

### A. Procedural Requirements

To determine whether entry of a default judgment is procedurally warranted, district courts in the Fifth Circuit consider six factors: "[1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

On balance, the *Lindsey* factors weigh in favor of entering a default judgment against Defendants. Because Defendants have not filed a responsive pleading, there are no material facts in dispute. *See Nishimatsu Const. Co., Ltd. v. Hous. Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Defendants' failure to appear and respond has ground the adversarial process to a halt, prejudicing Great American's interest in pursuing its claims for relief. *See J & J Sports*, 126 F. Supp. 3d at 814 ("Defendants' failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests.") (citation and quotation marks omitted). The grounds for default are established: Defendants were properly served and have failed to timely respond, appear, or otherwise participate in this suit. There is no indication that the default was caused by a good faith mistake or excusable neglect. The Court therefore finds that default judgment is procedurally warranted.

### B. Sufficiency of Plaintiff's Complaint

Default judgment is proper only if the well-pleaded factual allegations in Great American's complaint establish a valid cause of action. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact." *Id.* In determining whether factual allegations are sufficient to support a default judgment, the Fifth Circuit employs the same analysis used to determine sufficiency of a pleading under Rule 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788

4

F.3d 490, 498 (5th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Wooten*, 788 F.3d at 498 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While "detailed factual allegations" are not required, the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Under Texas law, a breach of indemnity agreement claim has five elements: (1) a contractual indemnity agreement exists; (2) the agreement obligates defendants to indemnify the surety if claims are made on the bonds issued; (3) claims were made on the bonds issued; (4) all conditions precedent for recovery have occurred, been performed, waived or excused; and (5) the surety has been damaged. *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 719 (5th Cir. 1995); *see also Travelers Cas. & Sur. Co. of Am. v. Padron*, No. 5:15-CV-200-DAE, 2019 WL 1602018, at *4 (W.D. Tex. Mar. 22, 2019). Here, the complaint establishes that Defendants executed an indemnity agreement that obligates them to indemnify Great American for any claims made on the issued surety bonds, among other requirements. (Compl., Dkt. 1, at 2-4). Claims have been made on those bonds, Great American has made demands for indemnity on those bonds, and it alleges that all conditions precedent to recovery have occurred. (*Id.*). Finally, Great American alleges that it "has incurred or will incur losses, costs, and/or expenses" investigating and resolving payment and performance claims against the bonds totaling "as much as, if not more than, $1,000,000.00." (*Id.*). These allegations are enough to raise Great American's right to relief above a speculative level. *Wooten,* 788 F.3d at 498. Default judgment is substantively warranted.

**C. Relief**

The relief prayed for in a complaint defines the scope of relief available on default judgment. Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). A defendant's default concedes the truth of the allegations of the complaint concerning the defendant's liability, but not damages. *United States v. Shipco Gen. Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Ordinarily, damages will not be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, when the amount of damages or costs can be determined with certainty by reference to the pleadings and supporting documents, and when a hearing would not be beneficial, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). A sum capable of mathematical calculation is one that can be "computed with certainty by reference to the pleadings and supporting documents alone." *Id.* at 311.

In its complaint and motion for default, Plaintiff seeks a judgment against Defendants, jointly and severally, as to: (1) their liability to indemnify Great American for its losses, costs, and expenses incurred as a result of issuing the surety bonds; (2) specific performance of Defendants' obligation to immediately deposit $1,000,000.00 in cash collateral; (3) specific performance of Defendants' obligation to provide Great American access to their books and records; and (4) attorney's fees and costs. (Compl., Dkt. 1, at 6-9). The Court will address each in turn.

1. Indemnification

The Agreement obligates Defendants to indemnify Great American for "any and all liability for losses, costs, and/or expenses of whatsoever kind or nature . . . which [Great American] may sustain and incur" on the bonds. (Indemnity Agreement, Dkt.1-2, at 1-2). Based on this unambiguous language and Great American's evidence regarding the issuance of surety bonds and

receipt of claims, the Court finds that there is sufficient evidence to support Great American's claim for indemnification.

In its motion for default, Great American states that Defendants' liability for Great American's losses, costs, and expenses incurred on the bonds "is not yet fully liquidated at this time" because "[c]laims against the Bonds are continuing to be asserted." (Mot., Dkt. 16, at 5). Accordingly, it asks that the Court enter default judgment now solely on the issue of Defendants' liability, reserving the amount of damages to be determined after the entry of default judgment. (*Id.*).

For the reasons above, the Court concludes that Great American is entitled to a judgment against Defendants as to their joint and several liability to indemnify Great American for losses, costs, and expenses incurred as a result of issuing the surety bonds. The Court will determine damages at a later time when Great American is able to submit evidence of its liquidated damages. *See Yeti Coolers, LLC v. Zhejiang Zhuosheng Indus. & Trade Co.*, No. 1:17-CV-821-RP, 2019 WL 2568748, at *1 (W.D. Tex. June 21, 2019) (awarding default judgment as to liability but retaining jurisdiction "to calculate damages at a later time").

2.  Specific Performance

Plaintiff also seeks an order compelling Defendants to specifically perform their obligation to post $1,000,000.00 cash collateral and to make their books and records available for inspection. (Compl., Dkt. 1, ¶ 15). "When a party breaches a contract, courts may award the equitable remedy of specific performance." *Great Am. Ins. Co. v. LC Paving & Constr., LLC*, 2022 WL 718796, slip op. at *4 (W.D. Tex. Mar. 10, 2022) (citing *Yazdani-Beioky v. Sharifan*, 550 S.W.3d 808, 829 (Tex. App.—Houston [14th Dist.] 2018, pet. denied)). In Texas, Plaintiff seeking specific performance must prove: "(1) the contract is reasonably certain, unambiguous, and based on valuable consideration, (2) the contract is fair in every section, void of misrepresentation, misapprehension, fraud, mistake, imposition, or surprise, (3) the parties are so situated that specific performance will not be harsh or

oppressive, and (4) the party seeking specific performance must come into court with clean hands." *Liberty Mut. Ins. Co. v. Nat'l Pers. of Tex., Inc.*, 2004 WL 583531, at *2 (N.D. Tex. Mar. 24, 2004). Texas courts generally grant specific performance with respect to indemnity agreements. *Id.* ("[Specific performance] is required to protect the surety's bargain.").

Here, the evidence before the Court establishes that specific performance is an appropriate remedy to enforce the Indemnity Agreement. In exchange for issuing the bonds to Defendants, Great American negotiated the right to demand collateral as part of the bargain. Defendants acknowledged in the Agreement that "the failure . . . to deposit with [Plaintiff], immediately upon demand, the sum demanded . . . shall cause irreparable harm to [Plaintiff] for which [Plaintiff] has no adequate remedy at law." (Dkt. 1-2, at 2-4). Great American has demanded payment of collateral in the amount of $1,000,000.00, but Defendants have made no collateral payment. (Compl., Dkt. 1, at 4-6). Furthermore, the Indemnity Agreement provides that "[a]t any time . . . [Great American] shall have the right to examine and copy [Defendants'] books, records, and accounts." (*Id.*). Great American has demanded access to examine Defendants' books, records, and accounts, but Defendants have not provided such access. (*Id.*).

There is no ambiguity or surprise in this contract, which states that Great American is "entitled to injunctive relief for specific performance of any or all of the obligations" contained in the Indemnity Agreement. (*Id.*). Finally, there is no indication that specific performance will be harsh or oppressive in this case or that Great American has unclean hands. Specific performance in this case is thus proper.

### III. CONCLUSION

For the reasons above, **IT IS ORDERED** that Plaintiff's Motion for Default Judgment, (Dkt. 16), is **GRANTED**.

Separately, **IT IS ORDERED** that Great American immediately serve Defendants with copies of this Order and the ensuing judgment, and file an appropriate certificate of service within a reasonable time thereafter in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

**SIGNED** on July 13, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE